UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY LAKEY,

Plaintiff,

v.

DEVIN BAGBY, *et al.*,

Defendants.

CASE NO. 3:26-cv-05605-TMC-GJL

ORDER DECLINING TO SERVE AND TO SHOW CAUSE

The District Court referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Lindsey Lakey, proceeding *pro se*, initiated this civil rights action under 42 U.S.C. § 1983, alleging constitutional violations occurring in 2019. Dkt. 6. Plaintiff has paid the filing fee. *See docket*. Having reviewed and screened Plaintiff's Amended Complaint (Dkt. 6) under 28 U.S.C. § 1915A, the Court **DECLINES to serve** the Amended Complaint and, instead, **DIRECTS** Plaintiff to **SHOW CAUSE** why his claims should not be dismissed as untimely and barred under the applicable statute of limitations.

//

//

## I. BACKGROUND

Plaintiff, a pretrial detainee currently located at Thurston County Jail in Olympia, Washington, filed an Amended Complaint alleging that on November 5, 2019, he was assaulted by several Thurston County Sheriff's deputies during the course of his arrest. Dkt. 6. After the assault, the officers transported Plaintiff to the hospital, where he required emergency surgical repair to his left shoulder. *Id*. at 5. Plaintiff claims the officers had no probable cause for his arrest, nor did they follow protocol by wearing body cameras. *Id*. at 6–8. As relief, Plaintiff seeks monetary damages. *Id*. at 9.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") obligates the Court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. Under this provision, the Court may *sua sponte* dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune. *Id.*; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000). "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); *see Belanus v. Clark*, 796 F.3d 1021, 1024–27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Having reviewed the Amended Complaint, the Court finds Plaintiff's claims relating to his 2019 arrest are untimely and barred by the applicable 3-year limitations period.

**A. Statute of Limitations**

A complaint must be timely filed. The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions. *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his claims accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).

While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons

involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted). Subsequent effects or consequences of alleged constitutional violations do not impact the accrual of a § 1983 claim. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a mere continuing *impact* from past violations is not actionable.") (internal citations and quotations omitted) (emphasis in original).

The final step in determining whether a § 1983 claim is time barred is the application of statutory and equitable tolling. The Court looks to the law of the forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Washington law allows for statutory tolling in various circumstances. *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash. Rev. Code. § 4.16.220 (statute tolled in connection with United States military service).

Equitable tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

Here, Plaintiff alleges that several Thurston County Sheriff's deputies violated his constitutional rights during the course of his arrest on November 5, 2019, when they assaulted

him with such force that he required emergency surgical care. Dkt. 6. Given the nature of his allegations, Plaintiff either knew or had reason to know of the constitutional violations forming the basis of this action as they occurred. Because Plaintiff experienced the officers' alleged unconstitutional acts and failures to act in real time, his § 1983 claims accrued in 2019.

Because the applicable limitations period expired three years after Plaintiff's claims accrued, the deadline for him to file a timely § 1983 action expired in 2022.[1] Plaintiff did not file this action until June 2026, so his claims are time-barred unless statutory or equitable tolling applies. *See docket*. The allegations here, however, do not support the application of statutory or equitable tolling such that Plaintiff's delay in filing would be excused. Therefore, Plaintiff's Amended Complaint is deficient and will not be served.

**B. Instructions to Plaintiff**

Due to the deficiency described above, the Court will not serve Plaintiff's Amended Complaint. Instead, if Plaintiff intends to pursue this § 1983 action, he must **SHOW CAUSE why it should not be dismissed as time barred**. If Plaintiff **FAILS** to respond to this Order or show cause on or before **August 31, 2026**, the undersigned will **RECOMMEND dismissal** of this action for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, Plaintiff has **FAILED** to state a colorable federal claim in his Amended Complaint. Dkt. 6.

[1] The Court notes that in his initial Complaint, superseded by this Amended Complaint, Plaintiff alleged that the criminal charges related to the November 5, 2019, arrest were dismissed "after a total of 2 years" later. Dkt. 4 at 6. Even using the "total of 2 years" later date, the time for filing a lawsuit expired three years later in 2024 (at the latest, November 5, 2024). Plaintiff initiated this lawsuit on June 8, 2026, approximately nineteen months after the last possible date the statute of limitations expired. *See* Dkts. 1, 4.

If Plaintiff intends to pursue this § 1983 action, he must **SHOW CAUSE why it should not be dismissed as time barred**. If Plaintiff **FAILS** to respond to this Order or show cause on or before **August 31, 2026**, the undersigned will **RECOMMEND dismissal** of this action for failure to state a claim. Dismissal on these grounds constitutes a “strike” under 28 U.S.C. § 1915(g).

Dated this 31st day of July, 2026.



Grady J. Leupold
United States Magistrate Judge